UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3347 |
| ) | |
| MICHAEL E. KNISLEY AND ) | |
| LIEUTENANT HAMILTON, ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in Western Correctional Center, seeks leave to proceed in forma pauperis. This case is before the Court for a review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that, on or about October 20, 2012, he was in line to receive medication when a discussion began between Plaintiff and Defendant Sergeant Knisley.  Plaintiff believed that the discussion was a respectful exchange of information, but Sergeant Knisley perceived otherwise, telling Plaintiff, "Don't fucking talk to me like that."  (Complaint, p. 6.)  Sergeant Knisley then sprayed mace in Plaintiff's face and tried to force Plaintiff to the floor, even though Plaintiff allegedly had not resisted or disobeyed.  During his escort to segregation, Plaintiff was taken to a storage room sink, where Defendant Lieutenant Hamilton and another Lieutenant allegedly forced Plaintiff's head under water in a manner which made Plaintiff feel like he was drowning.  Plaintiff told Hamilton that he could not breathe, but Hamilton continued to hold Plaintiff's head under water.  Both Lieutenants allegedly tried to break Plaintiff's wrists while removing Plaintiff's handcuffs.

After Plaintiff was placed in segregation, he was allegedly refused paper, pen, and envelopes, preventing him from informing anyone outside the prison about the excessive force, and Plaintiff was not allowed to contact his family for 30 days.

## ANALYSIS

Accepting Plaintiff's allegations as true, Plaintiff states an arguable Eighth Amendment claim for excessive force against Sergeant Knisley and Lieutenant Hamilton.  <u>Sanchez v. City of Chicago</u>, 700 F.3d 919, 927 n. 3 (7th Cir. 2012)(Eighth Amendment excessive force is the "'unnecessary and wanton infliction of pain'"—force applied "'maliciously and sadistically for the very purpose of causing harm'" rather than in a "good faith effort to maintain or restore discipline.")(quoted cite omitted).  Plaintiff names no other Defendants at this time, though his allegations imply that others were involved.  At this point the claim will proceed against Defendants Knisley and Hamilton.

Plaintiff also states an arguable claim that he was prevented from exercising his First Amendment right to send outgoing correspondence.  <u>Kaufman v. McCaughtry</u>, 419 F.3d 678 (7th Cir. 2005)("Inmates have a First Amendment right to both send and receive mail . . . ." subject to the prison's legitimate penological concerns.)(citations omitted).  Whether the restriction was justified and whether Defendants Knisley and Hamilton were personally

responsible for Plaintiff's alleged lack of writing materials and envelopes cannot be determined without a more developed record.

On a separate matter, Plaintiff has filed another petition to proceed in forma pauperis. The petition is unnecessary because Plaintiff is already proceeding in forma pauperis. Plaintiff is advised that 28 U.S.C. § 1915(b)(1) requires the Court to collect the filing fee in installments from Plaintiff's prison account, based on Plaintiff's income, which includes gifts. Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998)(income under § 1915(b)(2) means all deposits into prison trust account, regardless of source).

Plaintiff has also filed a motion for the Court to seek pro bono counsel on Plaintiff's behalf. In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff already has personal knowledge of the facts relevant to his relatively simple claims. His pleadings demonstrate that he is able to write effectively and that he is competent to proceed pro se in this case.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment excessive force claim and a First Amendment claim that he was prevented from sending outgoing correspondence. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defense counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    If Defendants no longer work at the address provided by Plaintiff, the prison litigation coordinator shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If Defendants fail to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

11) **Plaintiff's petition to proceed in forma pauperis is denied as unnecessary (d/e 10).**

12) **Plaintiff's motion for counsel is denied (d/e 12).**

ENTERED:  1/7/2014

FOR THE COURT:                    **s/Colin Stirling Bruce**
                                               COLIN STIRLING BRUCE
                                        UNITED STATES DISTRICT JUDGE